DOYLE A. AND NEVAN Y. KING, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
King v. Commissioner
Docket No. 7704-92
United States Tax Court
T.C. Memo 1994-318; 1994 Tax Ct. Memo LEXIS 326; 68 T.C.M. (CCH) 58; July 12, 1994, Filed *326 Decision will be entered under Rule 155. Doyle A. King, pro se. For respondent: Bridgette M. Gibson. PARR
PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined a deficiency of $ 18,474 in petitioners' Federal income tax for 1989. The sole issue for decision is whether petitioners are entitled to a cost of goods sold greater than the amount allowed by respondent for taxable year 1989. We hold that they are. An additional issue, namely, whether petitioners are liable for increased self-employment tax, is a purely derivative matter that will turn on the disposition of the foregoing issue. FINDINGS OF FACT The parties submitted this case partially stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time the petition herein was filed, petitioners resided in Stockton, California. Petitioners are married and filed a joint Federal income tax return for the year at issue. References to petitioner in the singular are to Doyle A. King. Petitioner worked in the real estate business as a broker and a general contractor for approximately 40 years. Upon growing tired of the fluctuations of the California *327 real estate market, petitioner sought a new source of income. At some time in the late 1980s, petitioner became involved with Matol Botanical International Ltd. (hereinafter Matol), a Canadian concern that sold herbal diet programs through a marketing and compensation structure strikingly similar to that of Amway. The system, called "multi-level" by petitioner, operates through individuals' selling Matol's products and recruiting others to do the same. After an individual reaches a specified sales volume, he or she earns "royalties" from both his or her own sales and the sales of the others he or she has recruited. [1]
Petitioner ordered Matol products, by phone, directly from Canada. Petitioner testified that for speed and ease of administration, he paid by credit card rather than by check. Petitioner claimed his payments to the credit card companies for purchases of Matol *328 products as cost of goods sold in the years in which he made the payments. Payments were generally made approximately 30 days after orders were placed. Petitioners filed three Schedules C with their 1989 joint Federal income tax return, one of which related to petitioner's duties as a self-employed salesman for Matol. The only item at issue is petitioners' claim of $ 64,958 for cost of goods sold related to his sales of Matol products. Respondent allowed only $ 24,003 of this amount, due to petitioner's failure to substantiate the full amount. This failure was the result of the theft of petitioner's bookkeeping records from his car. At the time, these records were being transported from respondent's office after a planned audit failed to take place and was rescheduled. On February 18, 1992, respondent issued a statutory notice of deficiency to petitioners. In the notice, respondent determined a deficiency in petitioners' 1989 Federal income tax resulting from the disallowance of a portion of petitioners' claimed cost of goods sold. OPINION Respondent argues that petitioners have not provided records to substantiate the amount they claimed as cost of goods sold, and are only *329 entitled to so much as is substantiated. Petitioners assert that respondent's redetermination of the cost of goods sold is arbitrary, and further that the theft of their bookkeeping records, and hence their failure to substantiate the claimed amount, is the result of respondent's negligence in failing to honor petitioners' audit appointment. Thus, they argue, they are entitled to the amount originally claimed. Cost of goods sold is an offset to gross receipts in determining business gross income. Sec. 1.61-3(a), Income Tax Regs. Although cost of goods sold is not a deduction, and, therefore, not subject to the limitations on deductions found in section 162, [2] any amount allowed as cost of goods sold must be substantiated. Ranciato v. Commissioner, T.C. Memo. 1993-536. Respondent's determinations are presumed correct, and petitioners, accordingly, bear the burden of proof. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). *330 Petitioners' first assertion, that respondent's adjustment to the cost of goods sold claimed was arbitrary, is without merit. Respondent arrived at the adjusted figure by adding the sum of paid Matol receipts provided by petitioners to petitioners' material and supplies balance, and then subtracting petitioners' ending inventory for that year. Contrary to petitioners' argument, respondent's calculation was appropriate in light of the limited evidence provided. As noted above, petitioners bore the burden of proving any greater amount of cost of goods sold and failed to do so. Petitioners' second argument is likewise unpersuasive. Petitioners argue that if respondent somehow caused petitioners' inability to substantiate cost of goods sold, petitioners are, therefore, relieved of the burden of substantiating the amount claimed. Cf. Andrew Crispo Gallery, Inc. v. Commissioner, 16 F.3d 1336 (2d Cir. 1994), affg. in part and vacating and remanding in part T.C. Memo. 1992-106. Moreover, we are not convinced that respondent actually caused the theft of petitioners's records and thus the lack of substantiation. Both the police *331 report and petitioner's own testimony indicate that the car window was open at the time thieves absconded with petitioners' records. We are sympathetic to petitioner's plight. At trial, he told of earlier problems with Internal Revenue Service; he recounted a financially damaging audit in 1970, and a 1987 audit resulting initially in a lien on his property, but ultimately in a tax refund. After the second audit, petitioner instructed his accountant to overpay his taxes, in order to avoid further difficulties. And finally, when he felt he had records to prove that he had, in fact, overpaid his taxes for several successive years, these records were stolen from his car. Unfortunately, we can not allow petitioner's experiences to skew our judgment from legal authority. It is clear from the record that respondent reviewed the documents provided by petitioners and allowed an appropriate amount of cost of goods sold based on these materials. Moreover, at trial, petitioner presented, and we accepted as evidence, additional Matol receipts, totaling $ 12,037. [3] Accordingly, we hold that petitioners have substantiated these payments, and are entitled to $ 12,037 as additional cost of *332 goods sold. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. For a more thorough description of the Amway-style system, see Wright v. Commissioner, T.C. Memo. 1993-27↩.
2. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
3. This figure is rounded to the nearest dollar.↩